UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMAAR SEGAR, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, a foreign insurance company,<br><br>Defendant. | Case No. 2:21-cv-01526-JLR<br><br>**ALLSTATE'S MOTION TO COMPEL**<br><br>**NOTE ON MOTION CALENDAR:**<br><br>**September 2, 2022** |

## I.  INTRODUCTION & RELIEF REQUESTED

Plaintiff was in a September 2015 car accident he claims resulted in a variety of significant and ongoing physical and emotional injuries that he alleges adversely impacted and limits his daily life.  He asserts wide-ranging general and specific damages as a result of his injuries, including loss of enjoyment of life, adverse impact on his job and relationships with his family and friends, and inability to engage in hobbies, recreational/leisure, and social activities.   Allstate is Plaintiff's underinsured motorist ("UIM") insurer.  This is an action to recover UIM benefits from Allstate for Plaintiff's alleged injuries and damages caused by the accident.  Accordingly, causation for, and the nature, extent, and severity of, Plaintiff's alleged injuries and the nature, extent, and amount of his alleged damages are the primary issues in this litigation.

ALLSTATE'S MOTION TO COMPEL
(CASE NO. 2:21-CV-01526-JLR) - 1

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

134833384

Allstate served discovery seeking the identity of all of Plaintiff's medical providers from January 1, 2010 to the present to fully understand his past and current medical history in order to test, challenge, and refute his claimed car accident injuries. Plaintiff balked an only disclosed his *post-accident* providers he self-selected for a limited time period. Allstate also asked for Plaintiff's emails, texts, photo, videos, and social media content related to, supporting, or refuting his alleged damages and injuries as well as those same materials relating to the car accident, Allstate, and his UIM claim. Plaintiff again balked and has not produced any such materials. Allstate even offered—at its own expense—to retain an e-discovery vendor to retrieve and produce such materials from Plaintiff's devices and accounts. Plaintiff again balked and unreliably claimed he already looked at found nothing.

The information and emails, texts, photos, and social media Allstate seeks is plainly relevant and discoverable based on the nature of Plaintiff's alleged injuries and damages and issues in this lawsuit. And, Allstate has offered to complete this discovery at no burden or cost to Plaintiff. Any privacy concerns either fall flat because Plaintiff has opened the door to this discovery or can easily be addressed via a protective order or confidentiality agreement between the parties.

Accordingly, Allstate respectfully requests that the Court compel Plaintiff to: (i) fully answer under oath Interrogatory No. 1; and (ii) produce all emails, texts, photos, videos, and social media content responsive to Request for Production Nos. 2-7, 10-14, 17, 19, 20 by making his phone, computer, other devices, email accounts, social media accounts, and cloud accounts available to an e-discovery vendor paid for by Allstate to gather and produce responsive emails, texts, photos, videos, and social media content.

## II. STATEMENT OF FACTS

Plaintiff was involved in a September 2015 car accident. He claims the accident caused him lengthy, permanent, and debilitating injuries to his left arm, wrist and hand, neck, shoulder, and left knee. He further claims these injuries continually and adversely impact *all*

ALLSTATE'S MOTION TO COMPEL
(CASE NO. 2:21-CV-01526-JLR) - 2

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

134833384

aspects of his life (*e.g.,* sleep, mood, ADLs, etc.), relationships and activities with his children, family and friends, and hobbies and activities. Declaration of Maureen Mitchell ("Mitchell Decl."), Ex. H, Interrogatory No. 3, 5, 11-12, 15. Plaintiff alleges wide ranging special and general damages, including pain and suffering, loss of enjoyment of life, problems at his job, emotional distress and irritability, inability to play and interact with his children, loss of relationship with family members, and inability to perform hobbies and leisure activities and engage in family activities. *Id*. He also claims his arm, wrist and hand injuries require future treatment. *Id*.

Allstate insured Plaintiff at the time of the accident pursuant to a policy that included underinsured motorist ("UIM") coverage. Plaintiff recovered $25,000 from the at-fault driver and $15,829.03 in personal injury protection ("PIP") benefits from Allstate. He then demanded Allstate pay him an additional $100,000, his UIM policy limit. Allstate evaluated the claim and determined he had already been fully compensated by his prior $40,000 recovery but extended him $5,223.58 in *Winters* fees as a settlement of the claim. Plaintiff rejected the offer and sued Allstate seeking recovery of his UIM policy limits, and also alleging bad faith, breach of fiduciary duty, negligence, estoppel, and violation of the Insurance Fair Conduct Act, Consumer Protection Act. Dkt. #1-1.

The Court dismissed all of Plaintiff's claims except his claim to recover UIM benefits[1]. Dkt. #15. Accordingly, this is now a personal injury/UIM benefits action where the two chief issues are: (1) the nature and extent of Plaintiff's alleged injuries and whether they were caused by the accident; and (2) what are the nature, extent, and value of Plaintiff's alleged damages, if any, as a result of his injuries.

In February 2022, Allstate served targeted interrogatories and requests for production on those two issues. Mitchell Decl., Ex. A & C. Allstate's discovery requests asked Plaintiff

---

[1] As UIM insurer, Allstate stands in the shoes of the at-fault driver and is free to be adversarial assert the defenses of at-fault driver regarding causation, nature, and extent of Plaintiff's alleged injuries and damages.

ALLSTATE'S MOTION TO COMPEL
(CASE NO. 2:21-CV-01526-JLR) - 3

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

134833384

to identify all of his medical providers and pharmacies from January 1, 2010 to the present as well as produce his medical records from those providers.[2] *Id.* at Ex. C, Interrogatory No. 1, RFP No. 7. The discovery requests also sought all documents, communications, emails, text messages, photographs, videos, and social media content that:

- Relate to, support, establish, *refute, or negate* Plaintiff's alleged damages from the accident that he seeks to recover in this case from Allstate in the form of UIM benefits (*Id.* at Ex. C, RFP Nos. 10-14, 17, 19-20);

- Relate to the car accident and its aftermath, Allstate, Plaintiff's UIM claim, this lawsuit, and the social activities and hobbies Plaintiff claims where adversely (*Id.* at Ex. C, RFP Nos. 2-6, 17, 19);

- Social media content that relates to, supports, establishes, *refutes, or negates* Plaintiff's alleged damages and injuries and/or relates to the accident or Allstate (*Id.* at Ex. C, RFP No. 17); and

- Emails and texts with third parties, family or friends regarding Plaintiff's alleged damages and injuries and/or relates to the accident or Allstate (*Id.* at Ex. C, RFP No. 20).

Plaintiff's discovery responses and document production were due March 7, but he failed to respond. Instead, on March 8, he asked for a two-week extension after they were already overdue, which Allstate granted but informed him that any objections he had to the discovery requests were now waived because they were not timely asserted. Fed. R. Civ. P. 33(b)(4); Mitchell Decl., ¶¶2-4, Ex. B. Plaintiff then missed his own self-imposed response deadline of March 16 and finally served discovery responses on March 23, only after Allstate's counsel twice more asked for them. Mitchell Decl., ¶¶5-6, Ex. B-C.

Plaintiff's interrogatory answers were deficient. In response to Interrogatory No. 1 asking for identification of his medical providers since January 2010, Plaintiff only disclosed his medical providers *after* the September 2015 car accident through July 2018 and then only those providers *he unilaterally deemed relevant* within that limited timeframe. *Id.* at Ex. C, H. He did not disclose any of his *pre-accident* medical providers. *Id.* Allstate asked multiple

---

[2] The parties have already agreed to a medical records release to obtain Plaintiff's medical records. As part of that, Allstate agreed to pay the cost of the records collection and provide the records to Plaintiff free to charge.

ALLSTATE'S MOTION TO COMPEL
(CASE NO. 2:21-CV-01526-JLR) - 4

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

times for Plaintiff to disclose all his medical providers, specifically his *pre-accident* providers, but he never did. *Id*. at Ex. D, G. Consequently, Allstate has no *pre-accident* medical records to test whether his purported injuries and conditions pre-existed the accident. Instead, Allstate merely has a Plaintiff-curated set of medical records from Plaintiff-selected providers for September 2015 to July 2018, despite him claiming permanent, ongoing injuries needing future treatment.

Plaintiff's document production was equally deficient. Here produced 356 pages of materials, most of which were documents and medical records Allstate already had. *Id*. at ¶ 7. Importantly, he ***did not produce and has not produced any*** emails, texts, photos, videos, or social media content responsive to the requests for production, despite them expressly calling for such materials regarding plainly relevant and discoverable topics (*e.g.*, his alleged injuries and damages, the accident, his UIM claim, etc.).[3] *Id*. at Ex. C & H. In fact, Plaintiff at first refused to even disclose his social media accounts, but later relented and disclosed he has active Facebook, Instagram, and Linkedin accounts. *Id*. at Ex. H.

Allstate's counsel sent Plaintiff's counsel a detailed letter explaining the deficiencies in Plaintiff's discovery responses and document production and asked for supplementation. *Id*. at Ex. D. Counsel then conducted two telephonic discovery conferences and resolved many of the issues via supplemental written interrogatory answers. *Id*. at ¶¶ 8-9, 12, Ex. F & H. However, the parties still disagree regarding the sufficiency of Plaintiff's answer to Interrogatory No. 1 and his document production, thus necessitating this motion. *Id*. at ¶¶ 13-17, Ex. G-H.[4]

Allstate offered to retain and pay for an e-discovery vendor to locate, gather, and produce responsive emails, texts, photos, videos, and social media content from Plaintiff's

---

[3] Plaintiff made a supplemental production of some photographs of the cars after the accident.

[4] The undersigned counsel certifies that Allstate has conferred in good faith with Plaintiff's counsel, as detailed in the accompanying declaration, but has been unable to resolve the discovery disputes addressed in this motion. Mitchell Decl., ¶ 18.

ALLSTATE'S MOTION TO COMPEL
(CASE NO. 2:21-CV-01526-JLR) - 5

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

134833384

phone, computer, Gmail account, cloud accounts, and Facebook, Instagram, and Linkedin accounts.[5] *Id*. at ¶¶ 9-10, 13-17, Ex. E & G. Plaintiff balked at this reasonable offer. *Id*. Importantly, Plaintiff has never claimed the emails, texts, photos, and social media Allstate seeks is not relevant and discoverable. Nor can he given the nature of his alleged injuries and damages and Allstate's discovery requests. Instead, he has tried to avoid production via logistical and procedural challenges, ignoring the fact that Allstate's offer to retain and pay for an e-discovery vendor ameliorates those purported issues.

Plaintiff thinks his lack of production is absolved because he provided a clearly lawyer-drafted declaration claiming he searched his phone, computer, email, and social media accounts for responsive materials and found nothing. *Id*. at Ex. I. Beyond it being unbelievable he has no such materials, Plaintiff's declaration is conspicuously devoid of any details regarding what search he did, how he did it, and what date ranges he used. *Id*. More vaguely, Plaintiff asserted that he "searched for any matter that is relevant to any party's claim or defense," which purportedly included matters related to claimed injuries, doctor visits, prior injuries and doctor visits, and "activities I have engaged in before and after the accident." Cryptically, Plaintiff stated that "[t]he above-mentioned personal email and social media accounts are the only accounts I *actively* use." In other words, his supposed "search" is largely unknown and entirely unreliable and using an e-discovery vendor paid for by Allstate at no cost to Plaintiff—as previously offered—is the only reliable way to ensure accounts and devices are properly searched and responsive material retrieved and produced.

This motion merely asks the Court to order the Plaintiff to: (a) disclose all his medical providers from January 1, 2010 the present so Allstate can collect medical records from them and provide them to Plaintiff free of charge; and (b) make his cell phone(s), computer(s), other

---

[5] The e-discovery vendor can collect all the data from Plaintiff's devices and email and social media accounts entirely remote without Plaintiff leaving his house or being without his phone or computer for any period of time. The vendor would send him a laptop via Fedex that he connects his devices to, and the data is extracted. For email and social media, he only has to give the vendor his login credentials and the vendor can then download the material for the specified date range.

ALLSTATE'S MOTION TO COMPEL
(CASE NO. 2:21-CV-01526-JLR) - 6

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

134833384

devices, email accounts, social media accounts, and cloud accounts available to an e-discovery vendor paid for by Allstate to gather and produce emails, texts, photos, videos, and social media content responsive to Allstate's discovery requests on the core issues in this case.

### III.     AUTHORITY & ARGUMENT

#### A.    Federal Rule of Civil Procedure 26(b) Provides for Broad Discovery.

The scope of discovery under Rule 26 is broad. *Fox v. State Farm Ins. Co.*, No. C15-535-RAJ, 2016 WL 304784, at *1 (W.D. Wash. Jan. 26, 2016). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible to be discoverable. *Id.* A motion to compel is proper where a party fails to answer an interrogatory or fails to produce responsive documents. Fed. R. Civ. P. 37(a)(3). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

#### B.    Plaintiff's Objection to Allstate's Discovery Requests Are Waived.

Failure to assert discovery objections in a timely manner results in waiver of those objections. Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived . . . ."). *See also Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."); *Arch Ins. Co. v. Safeco Ins. Co. of Am.*, No. C18-1591-JCC, 2019 WL 6617500, at *2 (W.D. Wash. Dec. 5, 2019) (holding that plaintiff waived any objections to defendant's discovery requests by failing to provide responses within 30 days of service).

Here, Allstate served Plaintiff with discovery requests on February 3, 2022, which means his responses and objections were due March 7. He did not respond by that time and did not request an extension before the deadline. Mitchell Decl. ¶¶ 2-3. Rather, on March 8, after Plaintiff's discovery responses were already overdue, Plaintiff's counsel asked for an extension

ALLSTATE'S MOTION TO COMPEL
(CASE NO. 2:21-CV-01526-JLR) - 7

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

134833384

to March 16, which Allstate's counsel granted, but informed her that Plaintiff's objections were already waived as untimely. *Id.* at ¶¶ 3-4. Plaintiff then missed their own self-imposed deadline and finally served discovery responses on March 23, only after further asking by Allstate's counsel. *Id.* at ¶¶ 5-6, Ex. C. Nonetheless, Plaintiff still asserted various objections in his written responses. *Id.* at Ex. C.

Plaintiff's objections to Allstate discovery requests were waived when he did not timely assert them on or before March 7. *Supra*. Accordingly, this Court should follow the express terms of Fed. R. Civ. P. 33(b)(4) and settled case law, and deem Plaintiff's objections waived and not entertain them as a basis to oppose and/or not grant Allstate's motion to compel.

C. **Plaintiff Must Disclose All his Medical Providers from January 1, 2010 to the Present and Produce Records From Those Providers**.

Interrogatory No. 1 asks Plaintiff to identify all of his medical providers and pharmacies from January 1, 2010, to the present while Request for Production No. 7 asks him to produce all his medical records for that same period of time from those providers. Mitchell Decl., Ex. C.

Plaintiff, however, has only disclosed his medical providers *after* the September 2015 car accident through July 2018 and then only those providers *he unilaterally deems relevant* within that limited timeframe. This plainly does not fully answer Interrogatory No. 1. Despite multiple requests, and the interrogatory squarely asking for it, Plaintiff has never disclosed his medical providers from *before* the accident, his providers since July 2018, or any of his other medical providers during the requested time period he may have seen for treatment other than what he deems relevant. Accordingly, Allstate has none of Plaintiff's pre-accident medical records and no medical records after July 2018, despite him claiming permanent and ongoing injuries.[6]

It is simply unbelievable that Plaintiff did not see a single medical provider from January 2010 to September 2015, and from July 2018 until the present. Rather, Plaintiff is

---

[6] Allstate does have one medical record from September 2019, but nothing beyond that, no medical records between July 2018 and September 2019.

ALLSTATE'S MOTION TO COMPEL
(CASE NO. 2:21-CV-01526-JLR) - 8

Fox Rothschild LLP
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
206.624.3600

134833384

plainly hiding his medical providers and conditions to prevent full and fair discovery of the same. Plaintiff's medical history, injuries, and conditions are of central importance in this case and Allstate is therefore entitled to a complete picture of his medical history before and after the accident to test and defend against causation and his alleged wide-ranging past and ongoing damages, physical injuries, disabilities, and conditions purportedly impacting various aspects of his life. Such a picture is necessarily incomplete because of Plaintiff's arbitrary and improper disclosure of only certain providers.

Indeed, "[t]he purpose of discovery is to make trial 'less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent possible.'" *Anderson v. Fresno County*, No. 1:05-CV-1325-TAG, 2007 WL 1865657, at \*6 (E.D. Cal. June 28, 2007) (quoting *United States v. Procter & Gamble Co.*, 356 U.S. 677, 683 (1958)); *see also Wilkerson v. Vollans Auto., Inc.*, No. C08-1501-RSL, 2009 WL 1373678, at \*1 (W.D. Wash. May 15, 2009) ("One of the primary purposes of discovery is to uncover the facts on which your opponents' claim or defense is based: such facts are clearly discoverable.").

Allstate's pursuit of Plaintiff's medical providers and records is not a fishing expedition nor overly burdensome—Allstate will handle the collection, pay the cost of obtaining all of the medical records, and give them to Plaintiff for free, he does not have to pay a penny or do a thing, other than disclose *all* his medical providers from January 1, 2010 to the present.[7]

Accordingly, like other courts in this District, this Court should order Plaintiff to disclose all his medical providers from January 1, 2010 to the present, and allow for Allstate to

---

[7] Although Allstate is only seeking providers and records 5 years before the accident, courts have frequently allowed discovery of a plaintiff's medical records as far back as ten years before an accident where, as here, such records are relevant. *See, e.g.*, *Putterman v. Supreme Chain Logistics, Ltd.*, C18-376-RSM, 2018 WL 6179325, at \*3–4 (W.D. Wash. Nov. 27, 2018) (rejecting plaintiff's argument to limit discovery of medical records to three years before accident and ordering plaintiff to produce medical records ten years before accident to present); *Mears v. Safeco Ins. Co. of Ill.*, 888 F. Supp. 2d 1048, 1064 (D. Mont. 2012) (finding plaintiff's medical records concerning his physical health ten years prior to car accident "will help Safeco evaluate [plaintiff's] pre-accident medical condition"); *Melendez v. Gulf Vessel Mgmt., Inc.*, C09-1100 MJP, 2010 WL 2650572, at \*1 (W.D. Wash. July 1, 2010) ("Both the identities of all medical providers who treated [plaintiff] in the last ten years and the medical records from those providers are relevant.").

ALLSTATE'S MOTION TO COMPEL
(CASE NO. 2:21-CV-01526-JLR) - 9

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

134833384

obtain his medical records from all those providers. *See Maurice v. Allstate Ins. Co.*, 2:19-CV-1837-JCC-DWC, Dkt. #50 at p. 3 (W.D. Wash. 2020) (ordering disclosure of all of Plaintiff's medical providers and records; "Plaintiff's entire medical history from January 1, 2006 to the present is relevant and discoverable"); *Coppinger v. Allstate Ins. Co.*, C17-1756-JCC, Dkt. # 43 at p. 2-3 (W.D. Wash. 2019) (ordering disclosure of Plaintiff's medical providers records for the five years preceding the accident).

### D. Plaintiff Must Produce Responsive Emails, Texts, Photos, Videos, and Social Media from His Various Accounts and Devices.

The emails, texts, photos, videos, and social media content Allstate seeks from Plaintiff are certainly relevant and discoverable given the nature of his alleged injuries and damages. And Allstate's proposal to obtain these materials places no cost or burden on Plaintiff. Nonetheless, he refuses in the face of settled and basic discovery law and principals as well as multiple Courts in this District ordering the discovery Allstate seeks.

Plaintiff has an affirmative duty under Rule 34 to "conduct a diligent search and reasonable inquiry" in order to obtain documents and communications responsive to Allstate's discovery requests. *Hawkins v. Kroger Co.*, No. 15-CV-2320-JM-BLM, 2019 WL 4416132, at *8 (S.D. Cal. Sept. 16, 2019) (emphasis added). This duty requires Plaintiff to search "all sources reasonably likely to contain responsive documents." *Estate of Moreno v. Corr. Healthcare Cos., Inc.*, No. 4:18-CV-5171-RMP, 2020 WL 5739747, at *3 (E.D. Wash. Jan. 8, 2020) (citation omitted, emphasis added). Plaintiffs must conduct "a thorough search—not just a convenient one—with due diligence." *Strategic Partners, Inc. v. FIGS, Inc.*, No. CV-19-2286-GW-KSX, 2020 WL 2527056, at *7 (C.D. Cal. Feb. 6, 2020).

Plaintiff also has a duty to provide materials responsive to Allstate's discovery requests, even if those materials refute or undermine his alleged injuries and damages. "Producing only those documents that are deemed helpful to the producing party's litigation position—parsing out the bad from the good—is, of course, impermissible." *Novelty, Inc. v. Mountain View Mktg., Inc.*, 265 F.R.D. 370, 378 (S.D. Ind. 2009); *see also Power Home Solar, LLC v. Sigora*

ALLSTATE'S MOTION TO COMPEL
(CASE NO. 2:21-CV-01526-JLR) - 10

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

134833384

*Solar, LLC*, 339 F.R.D. 64, 90 (W.D. Va. 2021) ("[E]ven if the evidence tends to prove Defendants' claims, [Plaintiff] may not simply opt to hide the ball.").[8]

Plaintiff's refusal to produce his emails, texts, photos, videos, and social media relating, supporting, or refuting his damages or otherwise relating to the car accident, Allstate, and his UIM claim is deficient under these standards. He cannot, on the one hand, claim significant and debilitating personal injuries and wide-ranging damages to all aspects of his life, and then, on the other hand, deny Allstate's legitimate discovery into those topics to test his claims and mount a defense to the same.[9]

Indeed, multiple Courts in this District have recently ordered Plaintiffs in UIM cases like this one to produce the very emails, texts, photos, videos, and social media content Allstate seeks from Plaintiff here. *See, e.g., Hinrichs v. Allstate Ins. Co.*, No. 221CV00080RAJBAT, 2021 WL 3053208, at *4 (W.D. Wash. July 20, 2021) (allowing an e-discovery vendor to access Plaintiff's electronic devices and online accounts to retrieve, download, and produce her social media, texts, emails, photos, and videos responsive to Allstate's requests for production); *Maurice v. Allstate Ins. Co.*, No. 2:19-CV-1837-JCC-DWC, 2020 WL 4339256, at *5 (W.D. Wash. July 28, 2020) (authorizing Allstate to hire a third-party e-discovery service to access the plaintiff's devices and accounts and locate and produce responsive materials); *Aspin v. Allstate Prop. & Cas. Ins. Co.*, No. C19-1604RSL, 2020 WL 1523250, at *2 (W.D. Wash. Mar. 30, 2020) (Plaintiff "shall provide whatever access is necessary so that defendant can locate and copy the relevant information" from Plaintiff's devices and accounts); *Coppinger v.*

---

[8] *See also Yelton v. PHI, Inc.*, 279 F.R.D. 377, 384 (E.D. La. 2011) (noting the "broad duty of disclosure extends to all documents that fit the definition of relevance for the purposes of discovery—whether the documents are good, bad, or indifferent"); *Danis v. USN Commc'ns, Inc.*, 2000 WL 1694325, at *1 (N.D. Ill. Oct. 20, 2000) ("Suffice it to say, there is no 'bad document' exception to the[] duties of preservation and production.").

[9] *See Pepin v. Wisconsin Cent. Ltd*, No. 2:19-CV-00042, 2020 WL 12432395, at *4 (W.D. Mich. Dec. 22, 2020) ("Plaintiff's own statements – whether stored in emails, text messages or written documents – regarding the incidents in the case, his resulting injuries, limitations he has experienced as a result, and his damages are relevant to the case."); *Lawrence v. Rocktenn CP LLC*, No. CV 16-821, 2017 WL 2951624, at *1 (W.D. La. Apr. 19, 2017) (overruling objections and concluding "that emails, text messages, photographs, and videos that refer to, relate to, or depict the accident, damages, injuries, and the like are highly relevant to this case").

ALLSTATE'S MOTION TO COMPEL
(CASE NO. 2:21-CV-01526-JLR) - 11

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

134833384

*Allstate Ins. Co.*, No. C17-1756-JCC, 2019 WL 13198861, (W.D. Wash. Feb. 26, 2019) (ordering production of social media, emails, texts, photos, and videos regarding Plaintiff's alleged injuries, damages, vacations, and social activities from before and after the accident).

This Court should do the same and also reject Plaintiff's conclusory and vague declaration claiming he looked for these materials and found nothing. His declaration is not believable and lacks any requisite detail about his supposed search to trust it. Allstate's offer to pay for an e-discovery vendor to retrieve and produce these discoverable materials is imminently reasonable, been accepted by multiple courts, negates any cost or burden on Plaintiff, and achieves full and fair discovery any litigant is entitled to. Plaintiff's refusal of the same has no cogent basis; he simply does not want discovery that would undermine his claims and damages.

## III. CONCLUSION

Full and fair discovery is the lynchpin of conducting a litigation on the merits. Plaintiff has consistently avoided his discovery obligations, despite Allstate offering to minimize or completely alleviate any burden on him to comply with his obligations. Allstate is entitled to the discovery it seeks in order to adequately defend against Plaintiff's injury and damages claims. The Court should not allow Plaintiff's sword and shield approach to litigation and discovery and instead order him to provide the requested discovery.

DATED this 18th day of August, 2022

FOX ROTHSCHILD LLP

*s/ Bryan J. Case*
Gavin W. Skok, WSBA #29766
Bryan J. Case, WSBA #41781
Jonathan P. Heyl (*admitted pro hac vice*)
Jeffrey R. Whitley (*admitted pro hac vice*)

*Attorneys for Defendant*

ALLSTATE'S MOTION TO COMPEL
(CASE NO. 2:21-CV-01526-JLR) - 12

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

134833384

# CERTIFICATE OF SERVICE

I certify that I am a secretary at the law firm of Fox Rothschild LLP in Seattle, Washington. I am a U.S. citizen over the age of eighteen years and not a party to the within cause. On the date shown below, I caused to be served a true and correct copy of the foregoing on counsel of record for all other parties to this action as indicated below:

| **Service List** | |
|---|---|
| Sarah J. Perez, WSBA #44757<br>Marlene Otero, WSBA #55324<br>PEREZ & PEREZ LAW, PLLC<br>506 2nd Avenue, Suite 1400<br>Seattle, WA 98104<br>Ph. (425) 748-5005<br>Email: Sarah@PerezandPerezLaw.com<br>marlene@perezandperezlaw.com<br><br>*Attorneys for Plaintiff* | ☐ Via US Mail<br>☐ Via Messenger<br>☒ Via CM/ECF / E-filing system / Email<br>☐ Via over-night delivery |

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

EXECUTED this 18th day of August 2022, in Seattle, Washington.

*/s/ Marina Krylov*
Marina Krylov

ALLSTATE'S MOTION TO COMPEL
(CASE NO. 2:21-CV-01526-JLR) - 13

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
206.624.3600

134833384