Sarah Perez, WSBA No. 44747
PEREZ & PEREZ LAW PLLC
506 2nd Ave. Suite 1400
Seattle, Washington 98101
Telephone: 206-338-3420
sarah@perezandperezlaw.com

Honorable James L. Robart

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMAAR SEGAR, an individual | Case No.: 2:21-cv-01526-JLR |
| Plaintiff, | PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY |
| vs. | |
| ALLSTATE PROPERTY and CASUALTY INRURANCE COMPANY, a foreign corporation, | NOTE ON MOTION CALENDAR: SEPTEMBER 2, 2022 |
| Defendant. | |

## I.  <u>SUMMARY</u>

COMES NOW, Plaintiff by and through undersigned counsel, responding in opposition to Defendant's motion to compel. Defendant Allstate, the Plaintiff's own insurer, brings its motion seeking to overstep Plaintiff's right to privacy as it pursues a fishing expedition into every corner of Plaintiff's life, however irrelevant, burdensome, harassing, or overly broad its requests are. Plaintiff has provided Defendant with copious responsive discovery and has answered all interrogatories to the best of his ability. Plaintiff has also provided good faith responses to Defendant's stated objections, despite their impropriety, and supplemented with additional information obtained after further work by Plaintiff. Plaintiff requests that this Court grant Defendant's Motion to Compel in part and deny in part.

PLAINTIFF'S BRIEF IN
OPPOSITION TO DEFENDANT'S
MOTION TO COMPEL - 1

Perez and Perez Law, PLLC
506 2nd Avenue Suite 1400
Seattle, Washington 98104
Tel: (425) 748-5005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II.     **STATEMENT OF FACTS**

On September 21, 2015, Plaintiff's vehicle was struck by another vehicle driven by Mr. Kyaw Oo. Compl. at 3.1-3.3. The force of the collision caused the airbag to deploy, hitting him in the head and jolting him side to side. *Id at 3.4.* The collision was so severe that the responding EMS had to assist with extricating Plaintiff from the vehicle. *Id.* Plaintiff sustained injuries to his left leg, knee, left wrist, neck, and back. Through diligent treatment, the injuries seemed to have fully resolved by July 2016. However, in attempting to engage in everyday life activities, Plaintiff's left hand and wrist symptoms resurfaced. In January of 2018, Plaintiff sought treatment for his wrist injury with Dr. Singh of Seattle Spine and Sports Medicine. Dr. Singh gave Plaintiff an injection which provided plaintiff with temporary relief but recommended further care and possibly surgery for long term relief. *See* Otero Decl., **Exhibit A, Dr. Singh Record**. Plaintiff is unable to afford continued care or surgery for the wrist injury he sustained as a result of this collision. "For purposes of UIM coverage, the insurance carrier is said to stand in the shoes of the tortfeasor, and payments made by the UIM carrier are treated as if they are made by the tortfeasor." *Hamm v. State Farm Mutual Auto Ins. Company*, 151 Wn.2d 303, 308 (2004). Allstate, has failed to make Plaintiff whole and after nearly 7 years since the collision, continues to deny Plaintiff the monies owed under the policy he purchased.

Plaintiff received Defendant's First Set of Interrogatories and Requests for Production on February 3, 2022. On March 8, 2022, Plaintiff's counsel requested an extension, estimating a response date of March 16, 2022. *See* Otero Decl., **Exhibit B, March 8, 2022 and March 22, 2022 emails**. Defense Counsel replied with, "Yes.   That is fine.   However, any objections Plaintiff may have to the discovery requests are waived as untimely." *Id.* Plaintiff responded on

PLAINTIFF'S BRIEF IN
OPPOSITION TO DEFENDANT'S
MOTION TO COMPEL - 2

Perez and Perez Law, PLLC
506 2nd Avenue Suite 1400
Seattle, Washington 98104
Tel: (425) 748-5005

March 22, 2022 stating, "Plaintiff does not agree to waive objections." *Id.* Defense counsel

responded with, "The objections are waived by rule and case law. It is not a matter of

agreement." *Id.* Defense granted another extension to March 25, 2022. *Id.* On March 23, 2022,

Plaintiff submitted a 30-page document with objections and responses to Defendant's First Set of

Interrogatories and Requests for Production. *See* Otero Decl., **Exhibit C**, **Plaintiff's Initial**

**Responses to Defendant's First Set of Interrogatories and Requests for Production.**

Defendant requested a discovery conference on April 12, 2022. A discovery conference was held

telephonically on April 18, 2022. In the conference, counsel for Plaintiff agreed to submit their

first supplemented responses to Plaintiff by May 2, 2022. *See* Otero Decl., **Exhibit D, April 26,**

**2022 email**. On May 2, 2022, counsel for Plaintiff sent a 14-page letter with responses to all of

the interrogatories and requests for production agreed to be supplemented at the discovery

conference. *See* Otero Decl., **Exhibit E, First Supplemented Discovery Letter.** This letter

included attached signed medical and employment stipulations, additional photos from Plaintiff,

newly acquired University of Washington Medicine records, and the account information for

Plaintiff's social media accounts. Interrogatory No. 1 was also supplemented to include "UW

Medicine Neighborhood Care at Federal Way", Plaintiff's medical provider *prior to the accident*

(emphasis added). Moreover, Plaintiff agreed to allow Allstate's e-discovery vendor to review

Plaintiff's telephone and computer as requested. Defense counsel never followed up with this.

Defense counsel requested another discovery conference regarding the alleged

insufficient responses by Plaintiff. On Friday July 1, 2022, Parties had a second discovery

conference to discuss the supplemented responses. In this call, parties clarified confusion

regarding the prescription information and discussed the issues surrounding Plaintiff's emails,

PLAINTIFF'S BRIEF IN
OPPOSITION TO DEFENDANT'S
MOTION TO COMPEL - 3

Perez and Perez Law, PLLC
506 2nd Avenue Suite 1400
Seattle, Washington 98104
Tel: (425) 748-5005

texts, and social media accounts. Once again, Plaintiff agreed to allow Allstate's e-discovery vendor to access Plaintiff's telephone and computer. Plaintiff's counsel stated she would ask Plaintiff about his social media accounts. However, in an email following the discovery conference, Defendant's counsel added for the first time that they also wanted the e-discovery vendor to have access to "any other devices (e.g. cameras, tablets, etc.) Plaintiff has used since January 1, 2010" and any "non-traditional messaging apps (WhatsApp, Viber, WeChat)" used since January 1, 2010. *See* Otero Decl., **Exhibit F, July 8, 2022 Email**. Following this email, Plaintiff objected to any e-discovery vendor and submitted an affidavit outlining the search he performed on his phone, computer, email, and social media accounts. *See* Otero Decl., **Exhibit G, Plaintiff Affidavit Re Search**. Plaintiff also informed Defendant that he could make all of his social media accounts public for a certain time period to allow them to search and find any documents they may find responsive. Plaintiffs rebuked this suggestion stating, "we do not believe this would be a complete record of the materials he has posted, as the public-facing content can be filtered based upon the account owner's privacy settings." *See* Otero Decl., **Exhibit F, July 8, 2022 Email.** Plaintiff submitted his third response to Plaintiff's initial set of discovery on July 15, 2022. *See* Otero Decl., **Exhibit H, Plaintiff's Second Supplemented Responses to Plaintiff's First Set of Interrogatories and Requests for Production.**

### III.   ARGUMENT AND AUTHORITY

**A.  Plaintiff Has Provided Defendant with Copious Discovery; Plaintiff's Right to Privacy Outweighs Defendant's Expansive, Overly Burdensome Desire for Even *More* Discovery Solely to Delay performing its Contractual Duties.**

PLAINTIFF'S BRIEF IN
OPPOSITION TO DEFENDANT'S
MOTION TO COMPEL - 4

Perez and Perez Law, PLLC
506 2nd Avenue Suite 1400
Seattle, Washington 98104
Tel: (425) 748-5005

A civil litigant does not hold an unfettered privilege to rummage through a party's personal records. "[D]iscovery, like all matters of procedure, has ultimate and necessary boundaries." *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L.Ed.2d 253, 265 (1978). Both parties are entitled to discovery, but "discovery should be denied when party's aim is to delay bringing case to trial, or to embarrass or harass person from whom he seeks discovery." *Id*. at n. 17.  A litigant is entitled to reasonably object, as Mr. Segar  now objects, to overly broad discovery requests. Moreover,  he  is following a familiar, customary process of making his objections:

> If a broad discovery request is made—for example, for all documents of a particular type during a twenty year period—and the responding party believes in good faith that production of documents for more than the **past three years would be unduly burdensome**, it should make its objection to the breadth of the request . . . [.]

USCS Fed Rules Civ Proc R 26 (note to sub div. b) (emphasis added). The fundamental right of privacy regarding matters of health is guaranteed by the United States Constitution and has been affirmed through decades of case law. The United States  Supreme  Court  recognized  the  right of  privacy  as  an  explicate  and  distinct constitutional right in Griswold v. Connecticut, 381 U.S. 479, 14 L. Ed. 2d 510, 85 S.Ct.1678  (1965).  *Griswold*  firmly  established  the  right  of privacy  as  a  fundamental constitutional right emanating from the totality of the constitutional scheme under which we live. The United States Supreme Court has interpreted the 14th Amendment to the United States Constitution as including "a right of personal privacy." *Roe v. Wade*, 410 U.S. 113, 152, 35 L. Ed. 2d 147, 93 S. Ct. 705 (1973).  In *Schlagenhauf v. Holder*, 379 U.S. 104, 110; 85 S.Ct. 234 (1964), the U.S. Supreme Court held:

PLAINTIFF'S BRIEF IN
OPPOSITION TO DEFENDANT'S
MOTION TO COMPEL - 5

Perez and Perez Law, PLLC
506 2nd Avenue Suite 1400
Seattle, Washington 98104
Tel: (425) 748-5005

> We recognize that, insofar as reported cases show, this type of discovery in
>
> federal courts has been applied solely to plaintiffs, and that some early state
>
> cases seem to have proceeded on the theory that a plaintiff who seeks
>
> redress for injuries in a court of law thereby "waives" his right to claim the
>
> inviolability of his person . . . However, it is clear that *Sibbach* was not
>
> decided on any "waiver" theory. As Mr. Justice Roberts, for the majority,
>
> stated, one of the rights of a person is the right not to be injured in one's person
>
> by another's negligence, to redress infraction of which the present action was
>
> brought. 312 U.S., at 13 . . . of course the Rule is compulsive in that the doors
>
> of the federal courts otherwise open may be shut to litigants who do not submit
>
> to such a physical examination. *Id*., at 18 (internal quotation marks omitted).

Likewise, as the District of Columbia Circuit Court of Appeals has pointed out:

> Mere speculation that information might be useful will not suffice; litigants
>
> seeking to compel discovery must describe the information they hope to
>
> obtain and its importance to their case with a reasonable degree of
>
> specificity.

Citing *Black Panther Party v. Smith*, 661 F.2d 1243, 1268 (D.C. Cir. 1981), vacated mem. sub nom. *Moore v. Black Panther Party*, 1118 (1982) (mootness).

This Court has the authority to limit discovery. FRCP 26 constitutes recognition of the fact that discovery under our liberal rules may result in annoyance, embarrassment, or undue burden to a party. The situation presented here is one in which the Court must exercise its

PLAINTIFF'S BRIEF IN
OPPOSITION TO DEFENDANT'S
MOTION TO COMPEL - 6

Perez and Perez Law, PLLC
506 2nd Avenue Suite 1400
Seattle, Washington 98104
Tel: (425) 748-5005

protective power, especially after dismissing Plaintiffs' extra contractual claims that provided the only balance to Defendant's abuse of power and delay against its own insured. Counsel for defendant has stated its intention to utilize information which is overly burdensome to produce. Although the information in the records is not relevant, not admissible, and not likely to lead to admissible evidence, dissemination of the information might make the plaintiff sufficiently uncomfortable to. think twice about continuing litigation or pursuing his contractual claim. It was the needs of litigation and only those needs for which the courts adopted this rule and demanded of the litigant a duty which would not otherwise be his. For this reason, it is proper that the courts be slow to subject a civil litigant to any exposure which he deems offensive, beyond that which serves the purpose of the rule.

Here, Plaintiff has provided copious amounts of responsive discovery and has responded in good faith to all correspondence thereunto related. Defendant's instant motion to compel illustrates Defendant's ardent goal of furthering the voyage of its fishing expedition and delay. Plaintiff has provided reasonable and complete answers to Defendant's interrogatories to the best of his memory as certified by his signature. Plaintiff has in good faith responded to all of Defendant's extensive correspondence related to its discovery desires.

Plaintiff's initial response to Plaintiff's Interrogatories and Requests for Production produced on March 23, 2022, first supplemented response letter of May 2, 2022, second supplemented interrogatories provided on July 15, 2022, and Plaintiff's affidavit detailing his reasonable and diligent search with attached exhibits address all of Defendant's objections in detail.

**B. Defendant's Demand for Production of all *Social Media* Content is Not Appropriate.**

PLAINTIFF'S BRIEF IN
OPPOSITION TO DEFENDANT'S
MOTION TO COMPEL - 7

Perez and Perez Law, PLLC
506 2nd Avenue Suite 1400
Seattle, Washington 98104
Tel: (425) 748-5005

**Plaintiff Offered to Set All His Social Media Accounts in Public Mode for Defendant's to Secure Information Needed and Has Provided an Affidavit Underoath Stating He Performed a Reasonable and Diligent Search in Good Faith. Defendant Must Not be Allowed to Procure an Unlimited Search Warrant.**

Discovery of social media content requires the application of basic discovery principles in a novel context. *Voe v. Roman Catholic Archbishop of Portland*, No. 3:14-cv-01016-SB, 2015 U.S. Dist. LEXIS 182641, at *3 (D. Or. Mar. 10, 2015) (internal quotation marks omitted) (citing *E.E.O.C. v. Simply Storage Mgmt., LLC*, 270 F.R.D. 430, 434 (S.D. Ind. 2010)). Moreover, "[c]ourts have generally been circumspect about compelling discovery of social media accounts in their entirety, recognizing that the Rules do not grant a generalized right to rummage at will through information that the responding party has limited from public view." *Id. See also Tompkins v. Detroit Metro. Airport, 278 F.R.D. 387, 387 (E.D. Mich. 2012)* (holding that the Rules do not allow a requesting party "to engage in the proverbial fishing expedition, in the hope that there *might* be something of relevance in the producing party's Facebook account). Defendant asks the Court to compel production of Plaintiff's social media data dating to January 1, 2010. As stated in Defendant's July 8, email Plaintiff suggested that Defendant's review his Facebook and Instagram account contents that have been made "public." However, Defendants refused, stating that they "do not believe this would be a complete record of the materials he has posted, as the public-facing content can be filtered based upon the account owner's privacy settings." *See* Otero Decl., **Exhibit F, July 8, 2022 Email.** In an effort to show that Plaintiff is being honest and adhering to the discovery rules, he produced an affidavit under oath detailing his search and provided the limited materials he was able to locate

PLAINTIFF'S BRIEF IN
OPPOSITION TO DEFENDANT'S
MOTION TO COMPEL - 8

Perez and Perez Law, PLLC
506 2nd Avenue Suite 1400
Seattle, Washington 98104
Tel: (425) 748-5005

to Defendants. It is important for the Court to also note that technology vastly changes, and this accident occurred 7 years ago. Plaintiff informed Defendants that he has since changed his computer and cell phone multiple times. Plaintiff even provided Defendants with his old phone number and mobile service company and old work email address. Plaintiff is not "balking" at Defendant's discovery requests or attempting to avoid producing discovery that could harm him. The Court should give no weight to Defendant's arguably improper personal opinions and insinuations. Mr. Segar has answered and disclosed all the information to the best of his memory and ability and produced all responsive documents after a diligent search, and any attempt to force him to say or produce otherwise will not be effective or appropriate.

## IV.   CONCLUSION

Defendant is not entitled to unlimited discovery in unlimited formats. Plaintiff has produced hundreds of pages of discovery and has answered all of Defendant's questions to the best of his ability multiple times. Each attempt more detailed than the next in an attempt to comply with Defendant's highly invasive and overly burdensome fishing expedition. With that being said, in a good faith effort, Plaintiff once again agrees to Allstate's e-discovery vendor having access to his computer and telephone. However, in regard to Plaintiff's social media and email, Plaintiff respectfully prays for the Court to exercise its codified protective power to shield Plaintiff, as he has litigated in good faith and in substantial accordance with the rules governing discovery, and in fact has exceeded their requirements to appease Defendant. For the foregoing reasons, the Court should grant in part and deny in part, Defendant's motion to compel and allow Discovery of Plaintiff's telephone and computer.

PLAINTIFF'S BRIEF IN
OPPOSITION TO DEFENDANT'S
MOTION TO COMPEL - 9

Perez and Perez Law, PLLC
506 2nd Avenue Suite 1400
Seattle, Washington 98104
Tel: (425) 748-5005

1

2     DATED this 31st day of August 2022.

3

4                                             PEREZ & PEREZ LAW, PLLC

5

6                                             BY: *Sarah J. Perez*
                                              _____
7                                             Sarah J. Perez, WSBA #44757
                                              Attorney for Plaintiff
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF SERVICE

The undersigned declares as follows: I am a resident of the State of Washington, over the age of eighteen years, not a party to or interested in the above-entitled action, and competent to be a witness herein. On the date set forth below, I caused to be emailed a copy of the foregoing document to the counsel below, pursuant to an electronic service agreement.

FOX ROTHSCHILD LLP

Gavin W. Skok, WSBA #29766
Bryan J. Case, WSBA #41781
Maureen L. Mitchell, WSBA #30356
Attorney for Defendants
FOX ROTHSCHILD LLP
1001 4th Avenue, Suite 4500
Seattle, WA 98154

Email: gskok@foxrothschild.com, bcase@foxrothschild.com, mmitchell@foxrothschild.com, crbrooks@foxrothschild.com, jpickens@foxrothschild.com

DATED this 31st day of August 2022, at Seattle, Washington

      /s/ Ana Marroquin
      Ana Marroquin Paralegal

PLAINTIFF'S BRIEF IN
OPPOSITION TO DEFENDANT'S
MOTION TO COMPEL - 11

Perez and Perez Law, PLLC
506 2nd Avenue Suite 1400
Seattle, Washington 98104
Tel: (425) 748-5005