The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMAAR SEGAR, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, a foreign insurance company,<br><br>Defendant. | Case No. 2:21-cv-01526-JHC<br><br>**ALLSTATE'S REPLY IN SUPPORT OF MOTION TO COMPEL**<br><br>**NOTE ON MOTION CALENDAR:**<br><br>September 9, 2022 |

ALLSTATE'S REPLY IN SUPPORT OF MOTION TO COMPEL
(CASE NO. 2:21-CV-01526-JHC)

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
206.624.3600

Plaintiff's Opposition is long on baseless accusations and hyperbole, but short on any valid reasons why Allstate's requested discovery is not relevant, tailored, reasonable, and non-burdensome (discovery which multiple Courts in this District have expressly ordered). Plaintiff tries to create the impression he complied with Allstate's discovery. He has not. Allstate's discovery is necessary to defend against his alleged injuries and damages, and he has not—and cannot—show otherwise. The Court should grant Allstate's motion in its entirety.

### A. Plaintiff's Multiple Concessions Lead to Granting Allstate's Motion Entirely

Plaintiff's Opposition concedes and does not dispute that he has *not* disclosed all his medical providers from January 1, 2010, to the present and thus not fully answered Interrogatory No. 1, which is a plainly valid discovery request. *Lombardi v. Columbia Recovery Grp., LLC*, C12-1250-RSM, 2013 WL 5569465, at *4 (W.D. Wash. Oct. 9, 2013) (explaining failure to respond to an argument "may be treated by the Court as an admission that the argument has merit"). The Court should order him to disclose, under oath, all his medical providers from January 1, 2010, to the present and allow records to collected from them.

Plaintiff further concedes and does not dispute that he did not timely assert objections to Allstate's valid discovery requests and therefore waived them. He does not offer any legitimate reason why are not waived, but nonetheless tries to argue these waived objections. The Court should not consider his waived objections now and its inquiry on Allstate's motion should stop there and grant motion entirely—Plaintiff has no valid basis to resist Allstate's discovery due his failure to timely object. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992).

Lastly, and importantly, Plaintiff completely ignores and does not dispute the abundant case law from this District—cited in Allstate's motion—addressing nearly identical discovery requests at issue here and ordering the plaintiff to produce email, texts, photos, videos, and social media postings, and/or to make such information available to an e-discovery vendor paid for by Allstate to capture and produce responsive materials. *Hinrichs v. Allstate Ins. Co.*, No.

ALLSTATE'S REPLY IN SUPPORT OF MOTION TO COMPEL
(CASE NO. 2:21-CV-01526-JHC) - 1

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

221CV00080RAJBAT, 2021 WL 3053208, at *4 (W.D. Wash. July 20, 2021); *Maurice v. Allstate Ins. Co.*, No. 2:19-CV-1837-JCC-DWC, 2020 WL 4339256 (W.D. Wash. July 28, 2020); *Aspin v. Allstate Prop. & Cas. Ins. Co.*, No. C19-1604RSL, 2020 WL 1523250 (W.D. Wash. Mar. 30, 2020); *Coppinger v. Allstate Ins. Co.*, No. C17-1756-JCC, 2019 WL 13198861, (W.D. Wash. Feb. 26, 2019). The Court granting Allstate's motion here is entirely consistent with the law of this District (and others).

B. **Allstate's Targeted Requests Are Not A "Fishing Expedition"**

Rather than provide any real explanation or compelling argument and case law, Plaintiff's main argument is to label Allstate's discovery a "fishing expedition" that is "rummaging" through his personal life, without any basis to suspect that relevant information might exist. Not so.

Plaintiff has claimed significant physical injuries to his left arm, wrist and hand, neck, shoulder, and left knee, which allegedly continually and adversely impact <u>all</u> aspects of his life (*e.g.*, sleep, mood, ADLs, etc.), relationships and activities with his children, family and friends, and hobbies and activities. Plaintiff seeks wide-ranging damages, including pain and suffering, loss of enjoyment of life, occupational limitations, emotional distress and irritability, inability to play and interact with his children, loss of relationship with family members, inability to perform hobbies and leisure activities. To discover information about those allegations, Allstate asked for discovery on these subjects that tests to validity of such allegations and damages so that Allstate can mount a defense. Yet, Plaintiff resists, with no valid basis. Allstate's discovery is not rummaging or fishing, it is directly targeted and in response to Plaintiff's alleged injuries and damages. The Court should ignore Plaintiff's mislabeling and instead focus on the substance of the claims and discovery and order the discovery Allstate seeks.

Plaintiff suggests that Allstate is merely "speculating" that relevant evidence might exist on his social media or other accounts and electronic devices. He is wrong. Even

assuming there is some requirement of a "threshold showing," Allstate <u>recently found</u> that Plaintiff's social media has discoverable, relevant, and responsive information <u>he did not produce</u>.  For example, despite claiming limited function in his wrist and inability to perform his hobbies, Plaintiff has posted photos of himself riding offroad on ATVs in 2020.  Reply Declaration of Bryan Case, Ex. A.  Similarly, despite claiming an inability to play with his children, Plaintiff has posted pictures showing the opposite.  *Id*. at Ex. B.

Allstate finding this relevant and responsive information that was *not* produced demonstrates: (1) his lawyer-drafted declaration claiming he searched for responsive materials and found none is false and a sham and the search he supposedly did is not credible; (2) he in fact has not complied with his discovery obligations and held back responsive information; and (3) his pattern and practice of documenting his activities through pictures and social media.  A collection by an e-discovery vendor will certainly reveal significant relevant and responsive information that Plaintiff has not produced.  Moreover, Plaintiff's claim that he has produced "copious" amount of materials and fully answered Allstate's discovery is demonstrably false.  His production is quantity over quality and responsiveness.  He only produced certain medical records and materials and communications Allstate *already had* before litigation.  He has produced nothing new and certainly no emails, texts, photos, social, or relevant materials Allstate requested.  Plaintiff has violated the discovery rules and the results of Allstate's informal search of his social media prove it.  The fact of the matter is Plaintiff has social media, emails, texts, and photos that will plainly hurt his case and refute his alleged injuries and damages and he just does not want to be produced, for obvious reasons.  Discovery does not work that way.  *Infra.*

Plaintiff's "compromise" position—that Allstate should be limited to his "public" social media—makes no sense and is insufficient.  Plaintiff cannot be allowed to unilaterally curate—based on his view of the case—the universe of discoverable data he self-selects to make "public" and hold back as "private" social media that can only be seen if you are Facebook

ALLSTATE'S REPLY IN SUPPORT OF MOTION TO COMPEL
(CASE NO. 2:21-CV-01526-JHC) - 3

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

"friends." A party does not get to self-select what he produces in discovery to benefit him, relevance dictates what is produced in discovery. *Infra*. Rule 26 allows for expansive discovery of Allstate's theory of the case—not limited to Plaintiff's view. *See Sentis Grp., Inc. v. Shell Oil Co.*, 763 F.3d 919, 926 (8th Cir. 2014) ("What matters is that each side is entitled to pursue intelligible theories of the case and Plaintiffs cannot, by their sole insistence, declare evidence undiscoverable and irrelevant merely because it does not fit into their own theory of the case."); *Remsberg v. Docupak*, No. 3:12-CV-41, 2012 WL 13028302, at *2 (N.D.W. Va. Sept. 25, 2012) ("The Defendant is not limited in its discovery to only the Plaintiff's theories of the case; thus, it is entitled to discover any evidence which might have a relevant bearing to its defense.").

Plaintiff's other "compromise" position to allow an e-discovery vendor to search his phone and computer, but not his social media or email, is incongruent and actually demonstrates that he does not want discovery into this social media and email because it will reveal information that refutes his alleged damages and injuries. In fact, Allstate already found such information that Plaintiff hid and did not produce despite it being responsive to multiple discovery requests. Case Reply Decl., Exs. A and B.

### C. There Is No Burden On Plaintiff to Respond to Allstate's Targeted Discovery

Plaintiff mischaracterizes the burden and scope of Allstate's discovery requests. Allstate has offered to, and will pay for, an e-discovery vendor to capture data from his devices (phone, computer, camera, etc.) and accounts (Gmail, Facebook, Instagram, cloud accounts, and messaging accounts) and produce the responsive data. Plaintiff just has to make his devices and accounts available to the vendor, it will do the rest. Allstate's discovery imposes no burden whatsoever on Plaintiff, he will not have to spend any of his time or money to satisfy his discovery obligations—Allstate is doing it for him.

Moreover, Allstate's discovery is narrowly tailored to address only those issues that are necessarily raised by Plaintiff's allegations in order for Allstate to mount a defense to them.

ALLSTATE'S REPLY IN SUPPORT OF MOTION TO COMPEL
(CASE NO. 2:21-CV-01526-JHC) - 4

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

Allstate has only requested limited categories of information from limited locations: social media (Facebook and Instagram), emails (Gmail), and texts, photos and videos (from any phone, computer, messenger service, cloud account, other photographic device he uses). And, if necessary, after data is captured by date range, search terms can potentially be applied to texts and emails. Allstate does not seek "all social media content" through an "unlimited search warrant." The Court should not indulge Plaintiff's inaccurate hyperbole.

Plaintiff's suggestion that Allstate's discovery is somehow "harassing" or makes him "uncomfortable" is both inaccurate and irrelevant to the question of discoverability. Once Plaintiff filed this lawsuit, he opened the doors of discovery to his allegations and became obligated to produce information relevant to his alleged damages and injuries and Allstate's defenses, irrespective of whether that information is good, bad, or uncomfortable for him and his case. *Yelton v. PHI, Inc.*, 279 F.R.D. 377, 384 (E.D. La. 2011) (noting the "broad duty of disclosure extends to all documents that fit the definition of relevance for the purposes of discovery—whether the documents are good, bad, or indifferent"); *Danis v. USN Commc'ns, Inc.*, 2000 WL 1694325, at *1 (N.D. Ill. Oct. 20, 2000) ("Suffice it to say, there is no 'bad document' exception to the[] duties of preservation and production.").

D.  **Plaintiff's Privacy Argument Has No Merit**

Plaintiff argues—without any detail or apt legal support—that some non-descript, generalized right of privacy prevents Allstate's relevant discovery into his physical condition and vast alleged damages. However, Plaintiff has waived any right to privacy by filing this lawsuit, putting his physical and mental condition at issue, and alleging what he has alleging. Indeed, multiple courts reject his privacy argument. *Coppinger v. Allstate Ins. Co.*, No. C17-1756-JCC, 2019 WL 13198861, at *1 (W.D. Wash. Feb. 26, 2019) ("[A] party waives that privacy interest when she puts her medical history 'at issue.'"); *Bertram v. Sizelove*, 1:10-CV-00583-AWI, 2012 WL 273083, at *3 (E.D. Cal. Jan. 30, 2012) ("The holder of a privacy right can waive it through a variety of acts, including by written authorization or instituting a

ALLSTATE'S REPLY IN SUPPORT OF MOTION TO COMPEL
(CASE NO. 2:21-CV-01526-JHC) - 5

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

lawsuit."); *Ferrell v. Glen-Gery Brick*, 678 F. Supp. 111, 112–13 (E.D. Pa. 1987) ("[W]hen a party places his or her physical or mental condition in issue, the privacy right is waived."). Plaintiff cannot claim damages for his alleged injuries—the sword—and then seek to prevent Allstate from obtaining discovery about those damages and injuries by raising privacy concerns—the shield. He cannot have it both ways.

Plaintiff does not specify how what Allstate is seeking in discovery could be considered "private" at all. Even assuming legitimate privacy concerns are implicated, a party seeking protection from discovery bears the burden of showing prejudice will result. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). Plaintiff has made no such showing here—offering only unsubstantiated allegations. *Del Campo v. Am. Corrective Counseling Servs., Inc.*, 2009 WL 3458298, at *2 (N.D. Cal. Oct. 23, 2009) ("the right of privacy is not an absolute bar to discovery."). Moreover, courts may impose protective orders to preserve privacy interests while allowing relevant discovery. *See Hinrichs v. Allstate Ins. Co.*, No. 221CV00080RAJBAT, 2021 WL 3053208, at *4 (W.D. Wash. July 20, 2021); *Frazier v. Bed Bath & Beyond, Inc.*, 2011 WL 5854601, at *2 (N.D. Cal. Nov. 21, 2011). Plaintiff's unsubstantiated claim of "privacy" is insufficient to deny Allstate's discovery.

DATED this 9th day of September, 2022

FOX ROTHSCHILD LLP

*s/ Bryan J. Case*
Gavin W. Skok, WSBA #29766
Bryan J. Case, WSBA #41781
Jonathan P. Heyl (*admitted pro hac vice*)
Jeffrey R. Whitley (*admitted pro hac vice*)

*Attorneys for Defendant*

ALLSTATE'S REPLY IN SUPPORT OF MOTION TO COMPEL
(CASE NO. 2:21-CV-01526-JHC) - 6

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

# CERTIFICATE OF SERVICE

I certify that I am a secretary at the law firm of Fox Rothschild LLP in Seattle, Washington. I am a U.S. citizen over the age of eighteen years and not a party to the within cause. On the date shown below, I caused to be served a true and correct copy of the foregoing on counsel of record for all other parties to this action as indicated below:

| **Service List** | |
|---|---|
| Sarah J. Perez, WSBA #44757<br>Marlene Otero, WSBA #55324<br>PEREZ & PEREZ LAW, PLLC<br>506 2nd Avenue, Suite 1400<br>Seattle, WA 98104<br>Ph. (425) 748-5005<br>Email: Sarah@PerezandPerezLaw.com<br>marlene@perezandperezlaw.com<br><br>*Attorneys for Plaintiff* | ☐ Via US Mail<br>☐ Via Messenger<br>☒ Via CM/ECF / Email<br>☐ Via over-night delivery |

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

EXECUTED this 9th day of September 2022, in Seattle, Washington.

_____
Courtney R. Brooks

ALLSTATE'S REPLY IN SUPPORT OF MOTION TO COMPEL
(CASE NO. 2:21-CV-01526-JHC) - 7

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600